## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08 B 7918 |
| TAMEKA L. and KELVIN COFFIE,) | |
| ) | |
| Debtors. ) | Chapter 7 |
| ) | |
| TAMEKA L. and KELVIN COFFIE, ) | |
| ) | |
| Plaintiffs, ) | Adv. No. 08 A 294 |
| ) | |
| v. ) | |
| ) | |
| JPMORGAN CHASE BANK, N.A., ) | Judge Pamela S. Hollis |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

This matter comes before the court following trial on Tameka and Kelvin Coffie's complaint against JPMorgan Chase Bank, N.A. ("JPMorgan"). The Coffies seek to recover $11,148.63 debited from their checking account on March 18, 2008. For the reasons set forth below, the court enters judgment for the defendant, JPMorgan.

### BACKGROUND

Most of the facts in this case were set forth in the Memorandum Opinion entered on June 12, 2009, in JPMorgan Chase Bank, N.A. v. Coffie, 08 A 302. The Background section of that Opinion is incorporated herein.

The Coffies had two accounts at JPMorgan: a joint checking account ending in 7348; and a savings account jointly held by Bacarii Crockett and Tameka Coffie, ending in 8715. A copy of the Coffies' bank statements for the following periods was admitted

into evidence: December 21, 2007 through January 22, 2008; February 22, 2008 through March 20, 2008; and March 21, 2008 through April 18, 2008.

## LEGAL DISCUSSION

Plaintiffs seek to recover the funds debited from their account pursuant to 11 U.S.C. § 553(b):

> **(b)** **(1)** Except with respect to a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, 561, 365(h), 546(h), or 365(i)(2) of this title, if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of-
>
> > **(A)** 90 days before the date of the filing of the petition; and
> >
> > **(B)** the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.
>
> **(2)** In this subsection, "insufficiency" means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim.

Although section 553 gives the <u>trustee</u> the right to recover a setoff, a debtor may make the recovery "to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if (1) such transfer is . . . recoverable by the trustee under section 553 of this title; and (2) the trustee does not attempt to avoid such transfer." 11 U.S.C. § 522(h).

The Coffies' trustee did not attempt to recover this setoff, and the Coffies exempted $8,000 of their tax refund on Schedule C. Consequently, they may pursue recovery of the funds debited from their accounts up to $8,000.

Section 553(b) "permits a trustee to recover a prepetition setoff by a creditor to the extent the creditor 'improved its position' relative to other creditors by setting off within ninety days of the filing of the petition." In re Bakersfield Westar Ambulance, Inc., 123 F. 3rd 1243, 1245 (9th Cir. 1997) (citation omitted).

> First, section 553(b) requires the calculation of the creditor's setoff position 90 days before the commencement of the debtor's case. This is done by comparing the creditor's claim with the creditor's debt, and determining the extent to which the creditor's claim exceeds the amount of the debt. The amount by which the creditor's claim exceeds the amount of the debt is called the "insufficiency."

5 Collier on Bankruptcy ¶ 553.09[2][a] (15th ed. rev'd 2004).

The Coffies filed their bankruptcy petition on April 2, 2008. January 3, 2008 is the date 90 days prior to the filing. On that date, JPMorgan's claim was $47,390.14. According to the bank statement admitted into evidence for the period from December 21, 2007 through January 22, 2008, the balance in the Coffies' bank account - the amount of JPMorgan's debt - was $5,612.19 on December 21, 2007 and $4,436.10 on January 22, 2008.

However, the Coffies did not introduce evidence of their checking account balance on January 3, 2008, 90 days prior to the bankruptcy filing. The court attempted to calculate the balance from the bank statement admitted into evidence, but several of the deposit amounts were partially illegible, as were several of the ATM and debit card withdrawal amounts. Without knowing those amounts, the court cannot calculate the Coffies' checking account balance on January 3, 2008.

Consequently, it is not possible to determine the "insufficiency" – the amount by which JPMorgan's claim exceeded the amount of its debt on the 90th day prior to filing. As Collier's implies, it is crucial to have exact information about the insufficiency on the

90th day. See 5 Collier on Bankruptcy ¶ 553.09[2][b] ("Thus, in this example, section 553(b) requires use of the insufficiency at 90 days ($5,000). It does not matter that the amount of the insufficiency increased the next day.").

Since the court cannot calculate the amount of the insufficiency, it is impossible to determine how much JPMorgan improved its position when it set off the funds on March 18, 2008. Plaintiff has not proven an element of its case.

To the extent either party requested an award of attorneys' fees, this request is denied. Judgment on the complaint will be entered for the defendant.

Date: **JUN 19 2009**

PAMELA S. HOLLIS
United States Bankruptcy Judge